```
            IN THE UNITED STATES  DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD GENNERRO GROSSO,       )
                               )
    Petitioner,                )
                               )
         v.                    ) Civil Action No. 06-477
                               ) Judge Terrence F. McVerry
SUPERINTENDENT LOUIS FOLINO,   ) Magistrate Judge Caiazza
et al.,                        )
                               )
    Respondents.               )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus filed by Richard G. Grosso pursuant to the provisions of 28 U.S.C. § 2254 be dismissed because he has failed to state a cognizable federal claim. Also, it is recommended that a Certificate of Appealability be denied.

**II. REPORT**

The Petitioner, Richard G. Grosso ("Grosso"), is a state prisoner incarcerated at the State Correctional Institution located in Greene County, Pennsylvania ("SCI Greene").[1] He is currently confined in SCI Greene's Restricted Housing Unit ("RHU") in Administrative Custody ("AC") status because he is described as a general escape risk.

---

[1] Grosso is serving a sentence of thirty-three and one-half years to sixty-seven years for kidnapping, robbery, and a variety of other offenses.

Grosso seeks habeas corpus relief in the form of a transfer to any other suitable prison in the Pennsylvania prison system and placement in such prison's general population. He alleges that his placement in the RHU at SCI Greene in AC status violates his constitutional rights to due process of law, equal protection, to be free from cruel and unusual punishment, and not to be subjected to double jeopardy.

It is well settled that relief by way of a writ of habeas corpus is quite limited. See e.g., Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A "§ 1983 action is a proper remedy for a . . . prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser, 411 U.S. at 499. The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas" -the validity of the continued conviction or the fact or length of the sentence- a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer, 288 F.3d at 542.

Because Grosso attacks the conditions of his confinement, his remedy lies not in a habeas corpus action but as a civil rights suit under 42 U.S.C. § 1983.[2] In this case, "no matter what the outcome of [Grosso's] habeas petition, neither the fact nor the length of his incarceration will be affected." Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002). Thus, habeas relief is unavailable to Grosso and the petition should be dismissed for failing to raise a claim cognizable in habeas.[3]

Finally, to the extent that Grosso would need one, a certificate of appealability should be denied because jurists of reason would not find it debatable whether he has stated a cognizable federal habeas claim.

### III. CONCLUSION

---

[2] As the Court in Preiser noted, the "question [of the difference between habeas and civil rights] is of considerable practical importance." 411 U.S. at 477. The advent of the Prison Litigation Reform Act (the "PLRA") and the Antiterrorist and Effective Death Penalty Act ("AEDPA") has made the distinctions become all the more critical. The PLRA and AEDPA create significant distinctions and consequences between habeas and civil rights actions and evince a Congressional intent to draw "a clear line between civil actions attacking conditions of confinement (subject to the PLRA) and habeas corpus petitions attacking the fact or duration of confinement (subject to the rules governing habeas corpus)." Walker v. O'Brien, 216 F.3d 626, 636-37 (7th Cir. 2000) (citations omitted). That said, the courts must give effect to that Congressional intent and draw definitive lines between habeas and civil rights actions.

[3] There is some precedent in the Third Circuit for allowing a federal prisoner to challenge conditions of his confinement under the habeas corpus statutes. See Woodall v. Fed. Bureau of Prisons, 432, F.3d 235 (3d Cir. 2006). But as the Respondents point out in their Answer (Doc. 16 at 5-8), that precedent applies only to federal prisoners. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001).

It is recommended that the Petition for Writ of Habeas Corpus be dismissed. In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

**s/Francis X. Caiazza**
Francis X. Caiazza
United States Magistrate Judge

Dated: 6/13/06


cc:  The Terrence F. McVerry

RICHARD GENNERRO GROSSO, CW-6956
SCI Greene
175 Progress Drive
Waynesburg, PA 15370